UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| BRIAN EDWARD REYNOLDS, <br><br> Plaintiff, <br><br> -against- <br><br> UNKNOWN NAMES OF MANUFACTURERS OR RESPONSIBLE INDIVIDUALS, <br><br> Defendants. | 24-CV-6854 (KMW) <br><br> TRANSFER ORDER |

KIMBA M. WOOD, United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed a complaint after the Bureau of Prisons ("BOP") changed his acid reflux medication from Ranitidine without explanation.  (Compl., ECF No. 1, at 5.)  Between 2019 and 2022, Plaintiff was incarcerated at Otisville Correctional Facility and took the medicine for acid reflux.[1]  But, "since [Plaintiff] found out "why [the drug] was changed an[d] the dangers resulting, [he] has been unable to get the [BOP] to screen [him]" for cancer.  (*Id.*)  Plaintiff further alleged that the Famotidine he is currently taking is "weak" and "has little effect on acid and the medical staff won't increase dosage."  (*Id.*)  Plaintiff seeks $1 million in damages.  (*Id.* at 7.)

By order dated November 25, 2025, the Court construed the complaint as asserting claims against the government or government officials in connection with the medical treatment he received at Otisville and dismissed the complaint with leave to replead his claims.  (11/25/2025 Order, ECF No. 9.)  In that order, the Court directed Plaintiff to provide facts showing that he: (1) had exhausted all administrative remedies with respect to any claims

---

[1] Plaintiff is currently incarcerated at the Federal Correction Institution in Jesup, Georgia. (*See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Mar. 9, 2026.)

pursuant to the Federal Tort Claims Act, and (2) could state a claim of deliberate indifference to his serious medical needs under the Eighth Amendment, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  (*Id.*)

In a motion for reconsideration and subsequently filed letter, Plaintiff clarified that he intended to assert a product liability claim against the manufacturer of Ranitidine, and not any claims against the BOP or BOP employees.  (ECF Nos. 10, 11.)  The Court grants the motion for reconsideration to the extent that it construes the complaint as asserting a product liability claim.

But, the Court still will not reach the merits of Plaintiff's case here.  Instead, the Court will transfer this case to another venue.

Multi-district litigation regarding the alleged side effects from Ranitidine is pending in the Southern District of Florida.  *See In Re: Zantac (Ranitidine) Products Liability Litigation*, No. 20-MD-2924 (S.D. Fla.).

Under 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of the parties and witnesses, in the interest of justice[.]"  28 U.S.C. §1404(a).  Courts consider the following ten factors in deciding whether transfer is appropriate: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

In consideration of the relevant factors, transfer is appropriate in this case. After Plaintiff clarified that he is asserting a products liability suit (rather than a suit against parties in the New York BOP facility) it is unlikely that relevant witnesses and documents would be in this venue. It is, of course, difficult to completely ascertain precisely where relevant witnesses, documents, and parties might be, because Plaintiff does not name any parties, witnesses, or specific harm he suffered. But transferring this case to that district would place it in a forum: (1) with some ability to compel process on related issues (i.e. side effects of Ranitidine); (2) more familiar with the governing law; and (3) would promote trial efficiency, should the case progress to that stage. To the extent that the court receiving this case determines it belongs with the MDL litigation, it is reasonable to expect that many of the relevant witnesses and parties would find it convenient to have Plaintiff's case in their venue. The Court, therefore, transfers this case to the United States District Court for the Southern District of Florida.

## CONCLUSION

The Clerk of Court is directed to terminate the motion for reconsideration. (ECF No. 10.) The Clerk of Court is further directed to transfer this action to the United States District Court for the Southern District of Florida. The Court waives Local Rule Civil Rule 83.1, which requires a seven-day delay before the Clerk of Court may transfer a case. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 17, 2026
         New York, New York

                                        /s/KIMBA M. WOOD
                                        KIMBA M. WOOD
                                        United States District Judge

4