USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 8/17/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN EDWARD REYNOLDS,

Plaintiff,

-against-

UNKNOWN NAMES OF MANUFACTURER OR RESPONSIBLE INDIVIDUALS,

Defendant.

26-CV-3639 (NSR)

VALENTIN ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Brian Edward Reynolds, who currently is incarcerated at FCI Jesup, brings this product liability action, *pro se*, under the court's diversity jurisdiction. He alleges that the manufacturer of an acid reflux medication called Rimantadine produced and distributed a product that had carcinogenic properties and which prison medical officials prescribed to him for three years while he was confined at FCI Otisville, thereby increasing his risk of developing cancer. By order dated November 4, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

For the reasons set forth below, the Court directs the Bureau of Prisons to identify the manufacturer(s) of Ranitidine administered to Plaintiff while he was confined at FCI Otisville, whether under the Zantac brand name or any of the generic forms of Ranitidine, and if it is within the Bureau of Prisons' knowledge, identify the state(s) where the manufacturer is incorporated and has its principal place of business. The Court further directs Plaintiff, after receiving the

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

manufacturer's name and citizenship, to file an amended complaint showing that this action can be maintained under the court's diversity jurisdiction.

## BACKGROUND

In the complaint, Plaintiff alleges that for the three years he was incarcerated at FCI Otisville, he was administered an acid reflux drug called Ranitidine. Although Plaintiff does not squarely say so, Ranitidine was withdrawn from the United States market in 2020 due to alleged carcinogenic properties.[2] Around 2022, prison medical officials, "without explanation," switched Plaintiff to Famotidine. After Plaintiff learned of Ranitidine's alleged dangers and was switched to another medication, he repeatedly asked prison medical officials for enhanced cancer screenings, which they have not provided. Plaintiff states that he fears developing cancer due to his years' long use of Ranitidine. He requests monetary relief and release from custody.

By order dated November 25, 2025, Judge Kimba M. Wood—to whom this action was then assigned for statutory screening purposes—construed the pleading, which was unclear as to its theory of liability or its intended defendants/respondents, as asserting four kinds of claims: (1) common law claims against the United States under the Federal Tort Claims Act ("FTCA"): (2) claims for constitutional violations against federal prison officials under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); (3) grounds for *habeas corpus* relief under 28 U.S.C. § 2241, in light of Plaintiff's request for release from prison; and (4)

---

[2] *See Goetz v. U.S. Food & Drug Admin.*, No. 22-CV-81371 (RLR) (BER), 2023 WL 9100991, at *1 (S.D. Fla. Dec. 19, 2023) (explaining that the Food and Drug Administration ("FDA") recalled the drug "in April 2020 because it contained unsafe levels of a probable human carcinogen"), *report and recommendation adopted*, 2024 WL 50971 (S.D. Fla. Jan. 4, 2024). In late 2025, the FDA approved a reformulated version of the drug for release to the domestic market. *See* U.S. Food & Drug Administration, *FDA Approves Reformulated Ranitidine Following Comprehensive Safety Review*, Nov. 25, 2025, available online at https://perma.cc/BZ2W-4AYL (last visited Aug. 14, 2026).

common law claims against non-governmental persons or entities under the court's diversity jurisdiction. (ECF No. 9.)

In the order, Judge Wood denied relief as to any of the four theories but granted Plaintiff leave to amend. As to the FTCA claim, Judge Wood dismissed it due to Plaintiff's failure to plead exhaustion of his administrative remedies. As to the *Bivens* claim, Judge Wood dismissed it due to a failure to allege facts showing that any prison official acted with deliberate indifference to a serious risk of harm, as would be required to state a claim under the Eighth Amendment. As to *habeas corpus*, Judge Wood denied relief because Plaintiff was no longer confined at the prison where his rights were allegedly being violated and therefore any *habeas corpus* claims were moot. And as to diversity, Judge Wood dismissed those claims due to Plaintiff's failure to allege the domicile of any party, including his own, or allege facts meeting the jurisdictional amount-in-controversy requirement. (*Id.*)

Instead of filing an amended complaint, on December 22, 2025, Plaintiff filed a motion for reconsideration. (ECF No. 10.) In the motion, he clarified that he never intended to pursue claims against prison officials and instead only wished to pursue product liability claims against the manufacturer of Ranitidine.[3] He added:

> As an inmate, Plaintiff has no outside-of-prison contacts to obtain the name of the manufacturer of Zantac/Ranitidine and hoped the Court would find out and add it to the case caption. . . . Should the Court grant the Motion for Reconsideration, Plaintiff requests the Court to locate the names of Defendants necessary. It would be near impossible even for a free person acting *pro se* to obtain proper names and addresses of the responsible individuals who added the excessive amounts of the poisonous ingredient to those medicines.

[3] Plaintiff explains: "[L]et it be clear that no claim in this matter is against any Bureau of Prisons employees. That's too much of an uphill battle regardless. . . . In short, whoever read this case misunderstood who Plaintiff was filing against. It is not any staff of the Federal Bureau of Prisons." (*Id*. at 2, 5.)

(*Id*. at 5, 6.) Further, as to the existence of diversity jurisdiction, Plaintiff states that his "home" is in Iowa, and he "believes the manufacturer of Zantac/Ranitidine is in a North East state, possibly New York."[4] (*Id*. at 3.)

By order dated March 17, 2026, Judge Wood granted reconsideration to the limited extent of construing the complaint as asserting a product liability claim. (ECF No. 12.) Judge Wood then transferred the action to the Southern District of Florida, under 28 U.S.C.§ 1404(a), where multi-district litigation regarding the alleged side effects of Ranitidine was pending. *See In Re: Zantac (Ranitidine) Products Liability Litigation*, No. 20-MD-2924 (S.D. Fla.).

By order dated April 23, 2026, Judge Artau of the Southern District of Florida transferred the action back to this court. (ECF No. 21.) He explained:

> Judge Rosenberg's July 15, 2025, order in the multi-district litigation case explains that new cases relating to the multi-district litigation claims would no longer be automatically consolidated. This order explicitly stated that it "impacts new cases that are filed or transferred to this District." Thus, all new cases, including those transferred to this District, "shall be treated no differently than any other newly-filed case in this District." Thus, this case is not automatically considered to be a part of the multi-district litigation and is treated as any other case before this Court.
>
> The plaintiff admits that he is unsure of who the defendants are, or where they are located, ergo, he does not know where jurisdiction and venue properly exists, and it cannot be said that this district is the proper venue.

(*Id*. at 2) (citations omitted). Judge Artau concluded that the Southern District of New York is both a proper and more convenient forum, and transferred the action back into this court, under Section 1404(a). This action was thereafter assigned to my docket, consistent with the procedures of the Clerk of Court.

[4] Because Plaintiff's letter motion contains relevant allegations not contained in the original complaint, the Court construes the letter motion as a supplement to the complaint under Rule 15(d) of the Federal Rules of Civil Procedure.

## DISCUSSION

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the Bureau of Prisons to identify the manufacturer of the acid reflux drug containing Ranitidine that it allegedly administered or prescribed to Plaintiff while he was confined at FCI Otisville, from approximately 2019 to 2022. It is therefore ordered that the United States Attorney's Office for the Southern District of New York, which is the attorney for and agent of the Bureau of Prisons, must ascertain the identity of the manufacturer of the drug(s) containing Ranitidine that was prescribed to Plaintiff while he was confined at FCI Otisville. Additionally, if within the Bureau of Prisons' knowledge, it must also provide: (1) an address where the manufacturer can be served with a summons and complaint; (2) the state where the manufacturer has its principal place of business; and (3) the state where the manufacturer is incorporated. The Bureau of Prisons must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the manufacturer as a defendant. Plaintiff is further advised that his amended complaint must set forth facts showing that the court may exercise its diversity jurisdiction of Plaintiff's product liability claim against the manufacturer, as more fully set forth in Judge Wood's order dated November 20, 2025. In sum, he must allege facts showing: (1) his own domicile—that is, the state where he "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning[,]" *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted); (2) the named manufacturer's domicile, which is both the state where the manufacturer is incorporated and the state where it maintains its principal place of business; and (3) that the amount in controversy exceeds $75,000.

The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the address for the named manufacturer and deliver all documents necessary to effect service to the U.S. Marshals Service.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order, the complaint (ECF No. 1), and Plaintiff's letter motion (ECF No. 10) to the United States Attorney for the Southern District of New York at: One St. Andrews Plaza, New York, New York 10007.

The Clerk of Court is also directed to mail an information package to Plaintiff.

An "Amended Complaint" form is attached to this order.

SO ORDERED.

Dated: August 17, 2026
White Plains, New York

NELSON S. ROMÁN
United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

________________________________________

________________________________________

Write the full name of each plaintiff.

_____CV_______________

(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes ☐ No

________________________________________

________________________________________

________________________________________

________________________________________

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , ____________________________________, is a citizen of the State of
(Plaintiff's name)

______________________________________________
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

________________________________________________.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, ______________________________, is a citizen of the State of
(Defendant's name)

______________________________

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

______________________________.

If the defendant is a corporation:

The defendant, ______________________________, is incorporated under the laws of

the State of ______________________________

and has its principal place of business in the State of ______________________________

or is incorporated under the laws of (foreign state) ______________________________

and has its principal place of business in ______________________________.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 2:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 3:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 4: ______________________________

First Name Last Name

______________________________

Current Job Title (or other identifying information)

______________________________

Current Work Address (or other address where defendant may be served)

______________________________

County, City State Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________

Date(s) of occurrence: ______________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated Plaintiff's Signature

First Name Middle Initial Last Name

Street Address

County, City State Zip Code

Telephone Number Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.